## SETTLEMENT AGREEMENT AND GENERAL RELEASE

The Settlement Agreement and General Release ("Agreement") is entered into by and between Heffico Inc., (hereinafter referred to as "Heffico" or the "Company") and Shamone Lashana Moody ("Moody"). Heffico and Moody are collectively referred to herein as "Parties."

## RECITALS

WHEREAS, the Parties desire to fully, completely, and finally resolve any and all disputes and disagreements arising from or relating to Moody's employment and separation of her employment with Heffico, including but not limited to alleged claims for overtime compensation; and

NOW THEREFORE, in consideration of the mutual promises, covenants, and provisions contained in the Agreement, the Parties agree as follows:

## AGREEMENT

1. **Consideration, Including Settlement Payment.** When Heffico receives an executed copy of the Agreement, properly executed by Moody, a W2 executed by Moody, a W9 executed by Moody's counsel, and provided that Moody continues to comply with all of her obligations under the Agreement, Heffico agrees to provide Moody with the following after timely execution:

    (a) Moody shall receive from Heffico total of Six Thousand Five Hundred and no /100 Dollars ($6,500.00) (the "Settlement Payment"), made payable as follows:

    (1) Four Thousand and 00/100 Dollars ($4,000.00) made payable to "Shamone Lashana Moody," within fourteen (14) business days after Moody has executed the Agreement, or the expiration of the revocation period set forth in paragraph 10 below (whichever occurs later), as back pay subject to all applicable employment taxes and withholdings. Employer shall deliver check to Employee's attorney, Brandon Hill of Wenzel Fenton Cabassa P.A. Heffico will issue to Moody the appropriate IRS Form W-2 in connection with the payment following the close of the 2017 tax year.

    (2) Two Thousand Five Hundred and 00/100 Dollars ($2,500.00) made payable to "Wenzel Fenton Cabassa P.A." fourteen (14) business days after Moody has executed the Agreement, not subject to any withholdings or deductions, as costs and fees. Heffico will issue to Wenzel Fenton Cabassa P.A. the appropriate IRS Form 1099 in connection with the payment following the close of the 2017 tax year.

    (b) Moody expressly agrees and represents that any federal, state or local tax or other tax or contribution that may be owed or payable on her portion of the Settlement Payment is the sole responsibility of Moody, which she agrees to pay, and that she will indemnify, defend and hold Heffico harmless from and against any and all liability or claim for any tax or contribution or any penalty or interest thereon, including any attorneys' fees and costs incurred in defending against a claim for any such tax, contribution, penalty or interest, that may be incurred or demanded as a result of the receipt of her portion of the Settlement Payment provided for in the Agreement.

(c) Moody also understands and agrees that, except as specifically set out in the Agreement, no wages, commissions, bonuses, benefits, or other compensation will become due to Moody.

(d) Moody expressly acknowledges and agrees that she would not be otherwise entitled to the consideration set forth in Paragraph 1 were it not for her covenants, promises, and releases set forth hereunder and that the consideration provided for in Paragraph 1 is not wages or commissions, but rather payments and benefits offered by Heffico in its discretion in return for Moody's promises and obligations under the Agreement, and that those payments constitute good and valuable consideration for the Release and Waiver by Moody in Paragraph 5. Moody expressly acknowledges that Heffico is providing good and valuable consideration to support the Agreement.

(e) Moody further acknowledges that each of the claims and causes of action asserted therein, are fully and finally settled and resolved.

2. <u>No Rights to Re-Employment</u>. Moody agrees that she will not seek, accept, or otherwise pursue employment with Heffico or any of Heffico's current (as of the date of the Agreement) parent and subsidiary corporations, divisions, affiliates, or partners in the future. In the event that Moody is already employed with a company acquired after the date of the Agreement, there will be no expectation by Heffico that her employment be terminated solely for that reason.

3. <u>No Admission of Liability</u>. Moody and Heffico hereby represent and warrant that the Agreement is not in any respect an admission or statement of liability or wrongdoing by either Moody or Heffico. Heffico expressly denies any liability of any kind in connection with the Complaint filed in United States District Court, Middle District of Florida, Tampa Division, Case No.: 8:16-cv-01224-SCB-JSS, or any other matter arising from Moody's employment with Heffico and/or separation therefrom.

4. <u>Release and Waiver of All Claims</u>. In consideration of the promises made in the Agreement, Moody hereby for herself, her spouse, if any, children, heirs, and assigns, fully and forever releases, acquits, and covenants not to sue or file any administrative charges or lawsuits against Heffico, or Heffico's past, present, and future parent and subsidiary corporations, divisions, affiliates, partners, joint ventures, stockholders, predecessors, successors, assigns, officers, directors, attorneys, agents, representatives, employees, former employees, and any other person, firm or corporation with whom any of them are now or may hereafter be affiliated, and each of them, of and from any and all claims, demands, obligations, losses, causes of action, costs, expenses, attorneys' fees, liabilities, and indemnities of any nature whatsoever, including, but not limited to, any arising out of or in any manner relating to Moody's employment with Heffico or Moody's separation from Heffico, whether based on contract, tort, statute, ordinance or any other legal or equitable theory of recovery whatsoever, including, but not limited to, The Labor Management Relations Act of 1947; The Employee Retirement Income Security Act of 1973; The Consolidated Omnibus Budget Reconciliation Act of 1985; The Civil Rights Act of 1866; The Civil Rights Act of 1964; The Civil Rights Act of 1991; The Age Discrimination in Employment Act of 1967; Sections 1981 through 1988 of Title 42 of the United States Code; The Americans with Disabilities Act of 1990; The Fair Labor Standards Act; The Occupational Safety and Health Act; The Family and Medical Leave Act of 1993; The Florida Civil Rights Act of 1992; The Florida Equal Pay Act, § 725.07, *Florida Statutes;* Equal Pay Act of 1963; The Florida

DocuSign Envelope ID: E643FBDD-5F64-4840-8B03-6EE90816E855

Whistleblower Act, § 448.102, *et seq.*, *Florida Statutes*; Florida Workers' Compensation Statutes; Florida's Workers' Compensation Anti-Retaliation Provision, § 440.205, *Florida Statutes*; Florida's Wage Rate Provision, § 448.07, *Florida Statutes*; Florida's Attorneys' Fees Provision for Successful Litigants in Suits for Unpaid Wages, § 448.08, *Florida Statutes*; Volusia County Ordinances, Chapter 36; The Rehabilitation Act of 1973; The Health Maintenance Organization Act of 1973; The Immigration Reform and Control Act of 1986; Executive Order 11141; Executive Order 11246; Executive Order 11375 and any other federal, state or local law intended to provide for or protect employee rights or benefits, whether known or unknown, mature or to mature in the future, which from the beginning of the world to date of the Agreement, Moody had, now has, or claims to have against Heffico. Heffico likewise fully and mutually releases Moody from any and all claims arising out of her employment. Notwithstanding the above referenced release language, Moody does not release any rights she may have under Florida's Worker's Compensation statutes, Chapter 440.

5. <u>Confidentiality of Agreement</u>. Moody agrees to keep the Agreement confidential. Therefore, Moody agrees as follows: Except as otherwise provided herein, Moody, her spouse, agents, representatives, and assigns hereby agree, covenant, and warrant that none of them shall directly or indirectly by any means or manner whatsoever disclose, urge, encourage, cooperate in, cause or permit the disclosure to any person or entity, including but not limited to, any present or former or future employee of Heffico, the contents or substance of the Agreement or any consideration given or received hereto; provided, however, that Moody may make such disclosure to her respective professional representatives (e.g., attorneys, accountants, auditors, tax preparers), all of whom will be informed of and agree to be bound by the confidentiality clause, or other such disclosures required by law. Heffico also agrees to keep the Agreement confidential. Therefore, Heffico agrees as follows: Except as otherwise provided herein, Heffico's executive and management-level employees shall not directly or indirectly by any means or manner whatsoever disclose, urge, encourage, cooperate in, cause or permit the disclosure to any person or entity, including but not limited to, any present or former or future employee of Heffico, the contents or substance of the Agreement or any consideration given or received hereto; provided, however, that Heffico may make such disclosure to their respective professional representatives (e.g., insurers, attorneys, accountants, auditors, tax preparers), all of whom will be informed of and agree to be bound by the confidentiality clause, or other such disclosures required by law.

6. <u>Governing Law</u>. The Agreement has been executed in Florida and Florida law shall be used to interpret the Agreement.

7. <u>Entire Agreement</u>. The Agreement embodies the entire agreement of the Parties and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the Parties to the Agreement. The Parties acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in the Agreement; that they have not executed the Agreement in reliance on any representation, inducement, promise, agreements, warranty, fact or circumstances not expressly set forth in the Agreement; and that no representation, inducement, promise, agreement or warranty not contained in the Agreement including, but not limited to, any purported settlements, modifications, waivers or terminations of the Agreement, shall be valid or binding, unless executed in writing by all of the Parties to the Agreement.

8. <u>Review Period and Opportunity to Consult with Counsel</u>. Employee is aware of

her right and opportunity to consult with an attorney before signing this Agreement and acknowledges that Employer has advised her of this right, in writing, and that she has exercised or waived that right and is entering into this Agreement freely and knowingly. Employee understands that she has twenty-one (21) calendar days after receipt of this Agreement during which to consider and accept this Agreement by signing and returning it to Louis Montone, Esq., Wilson McCoy, P.A., 711 N. Orlando Avenue, Suite 202, Maitland, Florida 32751or by e-mail to lmontone@wilsonmccoylaw.com.

9. Revocation Period. Employee is aware of her right to revoke her release of any claim under the Age Discrimination in Employment Act ("ADEA") by 5:00 PM on or before the seventh (7) calendar day following her execution of this Agreement. If Employee does not advise Employer of her intent to revoke her release of any claim under the ADEA, in writing, delivered by certified mail or in person to: Sebastien Szymezak, Owner, Heffico Inc., 2135 S. 30th Street, Haines City, Florida, 33844, by 5:00 PM on or before the seventh (7) calendar day following the execution of this Agreement, this entire Agreement will become effective and enforceable. If Employee revokes the release of any claim under the ADEA or Older Workers Benefit Protection Act ("OWBPA"), this entire Agreement will be considered void and unenforceable.

10. Binding Nature. The Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors and assigns of each Party, and inure to the benefit of each Party, its agents, directors, officers, employees, servants, successors, and assigns.

11. Construction. The Agreement shall not be construed in favor of one Party or against the other.

12. Partial Invalidity. If any term or provision of the Agreement shall be declared invalid or unenforceable, the remainder of the Agreement or the application of such term or provision other than those which are held invalid or unenforceable, shall not be affected thereby.

13. Headings. The headings of the paragraphs of the Agreement are for convenience only and shall not affect the construction or interpretation of any of its provisions.

14. Challenge of the Agreement. Moody understands that the Agreement is final and binding, and therefore agrees not to challenge its enforceability. If Moody attempts to challenge the enforceability of the Agreement on any basis, she shall initially tender to Heffico the Settlement Payments made to her by certified funds delivered to Heffico. Moody shall invite Heffico to retain such monies and agree with Heffico to cancel the Agreement. In the event Heffico does not accept such offer, Heffico shall so notify Moody, and shall place such monies in an interest-bearing escrow account pending resolution of the dispute as to whether the Agreement shall be set aside and/or otherwise rendered unenforceable.

15. Moody's Understanding. Moody has read and understands the Agreement sets forth the entire agreement between Heffico and herself. Moody acknowledges that she has not relied on any representation or statement, written or oral, not set forth in the document. The Agreement may only be changed by the Parties in a written document signed by all of the Parties.

16. Non-Disparagement. Moody agrees not to directly or indirectly engage or encourage any communications, including but not limited to social media, that disparage or are

intended to disparage Heffico, or any of Heffico's operating divisions, subsidiaries and affiliates, predecessors, successors, joint venture partners, insurers or any other related entities or companies. Heffico also agrees not to directly or indirectly engage or encourage any communications, including but not limited to social media that disparage or are intended to disparage Moody, and Moody will direct all prospective employment reference requests to Heffico's human resources, who shall provide only Moody's dates of employment and last position held. No comment shall be made, expressly, or impliedly, whether Moody is eligible for rehire. In exchange, Heffico will provide a neutral job reference upon Moody's request.

17. <u>Full and Knowing Waiver</u>. By signing the Agreement, Moody acknowledges that:

(a) She, with the assistance of her attorney, has carefully read and fully understands the Agreement;

(b) Moody has consulted with her attorney before signing the Agreement; and

(c) Moody agrees to the terms knowingly, voluntarily and without intimidation, coercion or pressure.

(d) Moody waives any time periods otherwise required to elapse or expire as a condition precedent to enforceability of the agreement.

18. <u>Amendments</u>. No addition, modification, amendment or waiver of any part of the Agreement shall be binding or enforceable unless executed in writing by all Parties hereto.

19. <u>Voluntary and Knowing</u>. The Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto.

20. <u>Counterparts</u>. The Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused the Agreement to be executed as of the dates set forth below.

3/13/2017
Dated the ___ day of March, 2017

Dated the ___ day of March, 2017

Heffico Inc.

By: _____
     DocuSigned by: [signature]
     Shamone Lashana Moody

By: _____

Its: _____

intended to disparage Heffico, or any of Heffico's operating divisions, subsidiaries and affiliates, predecessors, successors, joint venture partners, insurers or any other related entities or companies. Heffico also agrees not to directly or indirectly engage or encourage any communications, including but not limited to social media that disparage or are intended to disparage Moody, and Moody will direct all prospective employment reference requests to Heffico's human resources, who shall provide only Moody's dates of employment and last position held. No comment shall be made, expressly, or impliedly, whether Moody is eligible for rehire. In exchange, Heffico will provide a neutral job reference upon Moody's request.

17. **Full and Knowing Waiver.** By signing the Agreement, Moody acknowledges that:

(a) She, with the assistance of her attorney, has carefully read and fully understands the Agreement;

(b) Moody has consulted with her attorney before signing the Agreement; and

(c) Moody agrees to the terms knowingly, voluntarily and without intimidation, coercion or pressure.

(d) Moody waives any time periods otherwise required to elapse or expire as a condition precedent to enforceability of the agreement.

18. **Amendments.** No addition, modification, amendment or waiver of any part of the Agreement shall be binding or enforceable unless executed in writing by all Parties hereto.

19. **Voluntary and Knowing.** The Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto.

20. **Counterparts.** The Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties hereto have caused the Agreement to be executed as of the dates set forth below.

Dated the ___ day of March, 2017            Dated the 14th day of March, 2017

                                            Heffico Inc.

By: _____                 By: _Sebastien Sygment_
    Shamone Lashana Moody
                                            Its: _CEO_

5